IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PDC LABORATORIES, INC., an Illinois corporation, | |
| Plaintiff, | Case No. 1:09-cv-01110-MMM-BGC |
| v. | |
| HACH COMPANY, a Delaware corporation, | Judge: Michael M. Mihm<br>Magistrate Judge: Byron G. Cudmore |
| Defendant. | |

**DEFENDANT'S ANSWER TO COMPLAINT**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit that the matter involves the sale of goods. Deny that it is governed by Illinois law. The terms and conditions of the sale agreement specify that the laws of the State of Colorado are to govern the transaction.

7. Because the case has been removed to federal court, there is no need to admit or deny.

8. Because the case has been removed to federal court, there is no need to admit or deny. Admit that the federal court for the Central District of Illinois has jurisdiction over this case.

**Sale of the Plates**

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

## The Project

19. Lack sufficient knowledge and information to admit or deny.

20. Lack sufficient knowledge and information to admit or deny.

21. Lack sufficient knowledge and information to admit or deny.

22. Lack sufficient knowledge and information to admit or deny.

23. Lack sufficient knowledge and information to admit or deny.

24. Lack sufficient knowledge and information to admit or deny.

25. Deny.

26. Deny.

## Mitigation and Damages

27. Admit that Plaintiff contacted Defendant on June 25, 2008 and reported that the Plates were showing little *E. coli* bacteria growth. Deny the remaining allegations in Paragraph 27.

28. Admit that on September 2, 2008, a letter was sent by PDC Laboratories to Chris Fergen, Vice President of Sales of Hach Company, asserting that Hach Company should "participate in the liability of the re-sampling and re-analysis events" due to claimed failure of the Plates.

29. Deny that the Plates were defective. Lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 29.

30. Lack sufficient knowledge and information to admit or deny.

31. Lack sufficient knowledge and information to admit or deny.

32. Lack sufficient knowledge and information to admit or deny.

33. Lack sufficient knowledge and information to admit or deny.

34. Lack sufficient knowledge and information to admit or deny.

35. Deny that the plates were defective. Lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 35.

36. Lack sufficient knowledge and information to admit or deny.

37. Lack sufficient knowledge and information to admit or deny.

38. Deny.

### Count I:
### Beach of Express Warranty

39. Defendant restates and realleges its responses to Paragraphs 1 through 38.

40. Deny that the Illinois UCC applies to this matter.

41. Admit that there was an express warranty associated with the Plates. Deny that the warranty was unconditional. Specifically, the Plates had a limited shelf life and were required to be stored at 2 degrees to 8 degrees Celsius. Failure to store the Plates at this temperature could adversely affect the Plates, and could result in a shortened shelf-life.

42. Lack sufficient knowledge and information to admit or deny.

43. Lack sufficient knowledge and information to admit or deny.

44. Deny.

45. Deny.

46. Deny.

    A. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

    B. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions expressly provide that in no event shall Defendant be liable for any incidental or consequential damages. Defendant has filed a Motion for

    Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

  C. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

## Count II
## Breach of Implied Warranty of Merchantability

47. Defendant restates and realleges its responses to Paragraph 1 through 38.

48. Deny.

49. Deny that the Illinois UCC is applicable to this case.

50. Admit.

51. Deny.

52. Deny.

  A. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all

amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

B. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions expressly provide that in no event shall Defendant be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

C. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for

Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

### Count III
### Breach of Implied Warranty of Fitness for a Particular Purpose

53. Defendant restates and realleges its responses to Paragraph 1 through 38.

54. Deny.

55. Deny that the Illinois UCC is applicable to this case.

56. Deny.

57. Admit that Defendant is a nationwide supplier of laboratory equipment and supplies. Deny the remaining allegations in Paragraph 57.

58. Deny.

59. Deny.

   A. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

   B. Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide

7

         that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions expressly provide that in no event shall Defendant be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

C.    Deny that any damages or other relief should be awarded. Further, the terms and conditions of the sales contract between the parties expressly provide that, in the event of a breach of warranty, Plaintiff's sole remedy is for Defendant, at its option, either to replace or repair the Plates or refund all amounts paid by Plaintiff to Defendant for the Plates. The terms and conditions further provide that Defendant shall in no event be liable for any incidental or consequential damages. Defendant has filed a Motion for Partial Summary Judgment seeking to limit Plaintiff's claims for damages beyond the amount paid by Plaintiff for the Plates.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff fails to state a claim for which relief can be granted.

2.    The transaction at issue is governed by Colorado law and the specific "Terms and Conditions of Sale" found on Defendant's website. Pursuant to the terms and conditions of the sales contract, the exclusive remedy for any breach of warranty is either the repair or replacement of the

goods at issue, or a refund of the price paid by the buyer. Plaintiff agreed that if Defendant were willing to take one of these actions, the remedy should not be deemed to have failed of its essential purpose.

3. The Terms and Conditions of Sale further provide that, "**IN NO EVENT SHALL SELLER BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OF ANY KIND, WHETHER FOR BREACH OF ANY WARRANT, FOR BREACH OR REPUDIATION OF ANY OTHER TERM OR CONDITION OF THIS AGREEMENT, FOR NEGLIGENCE, ON THE BASIS OF STRICT LIABILITY OR OTHERWISE.**" Thus, any claim for consequential or incidental damages, or any damages beyond the amount Plaintiff paid for the Plates, is barred by the Terms and Conditions of Sale.

4. As confirmed by testing performed by Hach and other evidence, the Plates shipped to PDC by Hach were in no way defective.

5. As shown on the packaging of the Plates, attached to the Complaint as Exhibit B, the Plates had a shelf life of one year when stored at between 2 and 8 degrees Celsius. Plaintiff failed to store the plates at the proper temperature, and kept the Plates for almost 8 months before using them. Thus, Plaintiff, through its own negligence, caused the reduced organism growth on the Plates.

6. Plaintiff's claims are barred or limited by the contractual agreements between the parties.

7. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or ratification.

       8.       Plaintiff's damages, if it suffered any, were not caused by any acts or failures to act on the part of Defendant, but instead were caused by the acts of or failure to act by Plaintiff and/or others.

       9.       Defendant reserves the right to assert additional affirmative defenses.

HACH COMPANY, a Delaware corporation, Defendant

By: *s/Gregory A. Cerulo*

Gregory A. Cerulo (Illinois Bar No. 6184006)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Street
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: Gcerulo@qjhpc.com
Attorney for Hach Company

Of Counsel:
N. Reid Neureiter
Kathryn A. Reilly
JACOBS CHASE FRICK KLEINKOPF AND KELLEY
1050 17th Street, Suite 1500
Denver, CO 80265
Phone:  (303) 892-4438
Fax:     (303) 685-4869

**PROOF OF SERVICE**

I hereby certify that on May 7, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Brian J. Meginnes**
bmeginnes@emrslaw.com,vicki@emrslaw.com

**Janaki Hannah Nair**
jnair@emrslaw.com

I also hereby certify that on __n/a__, 2009, I served a copy of the foregoing document on the following at the respective business addresses below by deposit in the U. S. Mail, postage prepaid, at Peoria, Illinois:

None.

                                            *s/Gregory A. Cerulo*
                                            Gregory A. Cerulo (Illinois Bar No. 6184006)
                                            QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                                            227 N.E. Jefferson Street
                                            Peoria, IL  61602-1211
                                            Telephone: (309) 674-1133
                                            Facsimile:  (309) 674-6503
                                            E-mail: Gcerulo@qjhpc.com