IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PDC LABORATORIES, INC., an Illinois corporation, | |
| Plaintiff, | Case No. 1:09-cv-01110-MMM-BGC |
| v. | |
| HACH COMPANY, a Delaware corporation, | Judge: Michael M. Mihm<br>Magistrate Judge: Byron G. Cudmore |
| Defendant. | |

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING TO LIMIT PLAINTIFF'S CLAIMS FOR CONSEQUENTIAL DAMAGES AND OTHER DAMAGES BEYOND THE AMOUNTS PAID FOR THE GOODS

Defendant, Hach Company ("Hach"), through its counsel, respectfully submits this Motion for Partial Summary Judgment pursuant to Fed.R.Civ.P. 56 seeking to limit Plaintiff PDC Laboratories, Inc.'s ("PDC") claims for consequential damages and other damages in excess of the amounts paid by PDC to Hach for the allegedly defective goods at issue in this case.

### INTRODUCTION

This breach of warranty case is based on PDC's claim that goods (testing plates used to analyze the purity of water samples) it purchased from Hach through online purchase orders in August 2007 were defective. In its Complaint, PDC seeks damages not only for the cost of the goods, but also for lost profits, consequential damages, and other damages resulting from the allegedly defective goods. However, PDC's claims for damages in excess of the amounts PDC paid for the goods are expressly barred by the Terms and Conditions of Sale governing PDC's purchases. These Terms and Conditions limit PDC's remedies to either repair or replacement of the allegedly defective goods, or a refund of the total amounts it paid. Accordingly, judgment should enter against

PDC and in favor of Hach on any claims for consequential damages and other damages beyond the amounts paid for the goods at issue.

## STATEMENT OF UNDISPUTED FACTS

1. In August 2007, PDC ordered from Hach through a series of online purchase orders eighty-six (86) packages of m-TEC Modified Agar Plates for detection of *E. coli* in recreational waters (the "Plates"). (Compl. ¶ 11.)

2. PDC was charged, and paid, a total of $5,898.71 for these Plates. (*Id.* ¶ 16.)

3. As part of its sales contracts with Hach, PDC agreed to the Terms and Conditions of Sale found on Hach's website. (Affidavit of Kevin Andrew Young, attached hereto as **Exhibit A** at ¶¶ 5-11 (explaining that, as part of its online purchase of the Plates, PDC was provided notice of, and did not object to, the Terms and Conditions of Sale).

4. Hach's Terms and Conditions of Sale, attached to Young's Affidavit as **Exhibit 4**, include the following provisions:

- **APPLICABLE LAW:** The laws of the State of Colorado shall govern this agreement and its provisions.[1]

- **WARRANTIES:** Seller warrants to Buyer that the goods furnished under this Agreement will conform to the express written warranty pertaining to the specific goods purchased. . . SELLER MAKES NO WARRANTY OF ANY KIND WHATSOEVER WITH RESPECT TO ANY GOOD FURNISHED HEREUNDER. SELLER EXPRESSLY DISCLAIMS ANY WARRANTIES IMPLIED BY LAW, INCLUDING BUT NOT LIMITED TO ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

---

[1] The Colorado choice-of-law provision in the Terms and Conditions of Sale controls this action because the provision does not contravene Illinois public policy, and Colorado—Hach's principal place of business—bears a reasonable relationship to the parties and the transaction. *See, e.g., Fable v. Dell, Inc.*, No. 04-C-1425, 2004 WL 1588243 (N.D.Ill. 2004.)

2

- **REMEDIES:** If Seller breaches any warranty provided to Buyer, and if Buyer notifies Seller of such breach within 30 days following the end of the warranty period applicable thereto, Seller shall, at is option, either replace or repair the nonconforming goods or refund all amounts paid by Buyer to Seller for such goods. THIS IS THE EXCLUSIVE REMEDY FOR ANY BREACH OF WARRANTY. The sole purpose of this remedy is to provide Buyer with the repair or replacement of goods or, at Seller's option, to refund the price paid by Buyer hereunder. This remedy shall not be deemed to have failed of its essential purpose so long as Seller is willing to take one of those actions.

- **DAMAGES: IN NO EVENT SHALL SELLER BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OF ANY KIND, WHETHER FOR BREACH OF ANY WARRANTY, FOR BREACH OR REPUDIATION OF ANY OTHER TERM OR CONDITIONS OF THIS AGREEMENT, FOR NEGLIGENCE, ON THE BASIS OF STRICT LIABILITY, OR OTHERWISE.**

(Terms and Conditions of Sale, pp. 1-2.)

5. PDC received the Plates from Hach in August 2007. (Compl. ¶ 14.)

6. Eight months later, in May 2008, PDC allegedly used the Plates to analyze samples of river waters collected from four days of sampling in two storm events for *E. coli* bacteria. (*Id.* ¶ 22.)

7. PDC claims that the Plates utilized in the May 2008 testing "showed no growth of *E. coli* bacteria whatsoever," and were thus "defective." (*Id.* ¶¶ 23-25.)

8. PDC was charged, and paid, a total of $5,898.71 for these Plates. (*Id.* ¶ 16.)

9. On February 4, 2009, PDC filed this lawsuit against Hach and asserted claims for breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (Compl., pp. 5-8.)

10. With respect to each of its three claims, PDC is seeking three categories of damages:

A. Direct damages pursuant to 810 ILCS § 5/2-714, including, without limitation, the cost of the Plates and Plaintiff's lost profits relating to the May, 2008 storm events;

B.  Incidental and consequential damages pursuant to 810 ILCS §§ 5/2-714(3) and 5/2-715, including, without limitation, the amounts paid by Plaintiff to MEC relating to the May, 2008 storm events, the cost of Plaintiff's investigation, Plaintiff's increased operational costs relative to the Project, and damages to Plaintiff's reputation and goodwill, if any; and

C.  Such other and further relief as is deemed appropriate by the Court.

(Compl. pp. 5-8.)

## LEGAL STANDARD

A grant of summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294-95 (7th Cir. 1998)

## ARGUMENT

The damages limitation provisions found in Hach's Terms and Conditions of Sale bars PDC's claims for consequential damages and other damages beyond the $5,898.71 PDC paid for the Plates. Hach should thus be granted partial summary judgment on PDC's damages claims beyond the $5,898.71 permitted in the Terms and Conditions of Sale.

In contracts for the sale of goods, the parties may limit "the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts . . . ." as long as the remedy does not "fail of its essential purpose." Colo. Rev. Stat. § 4-2-719(1)(a) & (2). Generally, the failure of essential purpose exception applies only to circumstances in which the buyer is left without a remedy. *Wenner Petroleum Corp. v. Mistui & Co.*, 748 P.2d 356, 357 (Colo. App. 1987).

4

Here, the Terms and Conditions of Sale governing the sales agreement expressly prohibit any remedies for breach of warranty beyond either the repair or replacement of the Plates, or the full refund of amounts paid for the Plates. (Terms and Conditions of Sale, p. 2.) These Terms and Conditions of Sale were binding on PDC as part of the sales contract. *See, e.g., Hubbert v. Dell Corp.*, 835 N.E. 2d113, 121 (Ill. App. 2005) (holding that online contract included terms and conditions of sale where blue hyperlinks to the terms and conditions appeared on numerous web pages the plaintiff completed in the ordering process); *Druyan v. Jagger*, 508 F. Supp. 2d 228, 232 (S.D.N.Y. 2007) (concluding that buyer was bound by terms and conditions on website because they were "sufficiently conspicuous," and noting that enforceability "does not depend on [the buyer] actually having read them").

PDC further agreed that the exclusive remedy set forth in the Terms and Conditions of Sale "shall not be deemed to have failed of its essential purpose so long as Seller is willing to take one of those actions." (Terms and Conditions of Sale, p. 2.) Further, PDC agreed that "in no event shall seller be liable for any incidental or consequential damages of any kind," for breach of warranty or for any other claim. (*Id.*)

Accordingly, pursuant to Colo. Rev. Stat. § 4-2-719, PDC's claims for consequential damages and other damages beyond the total amount it paid for the Plates—$5,898.71—are barred as a matter of law, and summary judgment should be granted to Hach on these damages claims.

WHEREFORE, for the reasons set forth herein, Hach respectfully requests that the Court grant summary judgment in favor of Hach and against PDC on PDC's claims for consequential damages and other damages in excess of the total amounts paid by PDC for the allegedly defective goods.

                      HACH COMPANY, a Delaware corporation, Defendant

                      By:    *s/Gregory A. Cerulo*

Gregory A. Cerulo (Illinois Bar No. 6184006)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Street
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: Gcerulo@qjhpc.com
Attorney for Hach Company

Of Counsel:
N. Reid Neureiter
Kathryn A. Reilly
JACOBS CHASE FRICK KLEINKOPF AND KELLEY
1050 17th Street, Suite 1500
Denver, CO 80265
Phone:  (303) 892-4438
Fax:     (303) 685-4869

## PROOF OF SERVICE

I hereby certify that on May 7, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Brian J. Meginnes**
bmeginnes@emrslaw.com,vicki@emrslaw.com

**Janaki Hannah Nair**
jnair@emrslaw.com

I also hereby certify that on __n/a__, 2009, I served a copy of the foregoing document on the following at the respective business addresses below by deposit in the U. S. Mail, postage prepaid, at Peoria, Illinois:

None.

*s/Gregory A. Cerulo*
Gregory A. Cerulo (Illinois Bar No. 6184006)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Street
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: Gcerulo@qjhpc.com